NEWTON E. WHITESIDE et al., Appellants, *v.* NOYAC COTTAGE ASSOCIATION, Respondent.

Defendant, a club incorporated under the act of 1875 (Chap. 267, Laws of 1875), as amended, and owning a parcel of land for its corporate purposes, sold and conveyed a lot to plaintiff. By the terms of the deed the purchaser became a member of the club and held subject to its rules and regulations. These provided for assessments to be made for purposes specified and for a forfeiture of title in case a member failed to pay an assessment as prescribed. An assessment was made by the board of managers, and upon plaintiff's refusal to pay he was served with a notice that his title and membership would be forfeited, unless at a date specified he appeared before the board and showed cause to the contrary. Plaintiff thereupon brought this action to have the action of the board rescinded, as a cloud on his title, and to restrain the forfeiture. The assessment on its face showed it was made in part for permanent improvements. Plaintiff claimed that no assessments could be made for such purposes. *Held*, that conceding this claim to be correct there was no cloud on title, as the illegality appeared upon the face of the papers, and the facts the association would be compelled to prove to enforce at law the assessment or forfeiture would themselves show the invalidity.

By the terms of the plaintiff's deed he was granted "the use of the club house, public grounds, water front," etc. By the by-laws two funds were constituted, one to be "applied exclusively to the purchase, improvement and maintenance of the grounds and other property of the

association." The other, into which all assessments were to be paid, was to be appropriated " in the first instance " to current expenses, but it was provided that any surplus at the end of the year should be turned over to the other fund. It was also provided that the board of managers might "from time to time make assessments for other purposes. * * * as they shall deem necessary." *Held*, that taking and construing the deed and by-laws together the assessment was valid and enforcible, as prescribed by the by-laws.

Reported below, 68 Hun, 565.

(Argued May 3, 1894; decided June 5, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of May, 1893, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Special Term.

This action was brought by plaintiffs, who were the owners of certain lots by purchasing from defendant, a club of which they had become members, to remove a cloud from their title caused by the lien of an assessment levied under the by-laws of defendant, and to restrain defendant from forfeiting their rights as members by reason of non-payment of said assessment.

The facts, so far as material, are stated in the opinion.

*Eugene D. Hawkins* for appellants. The entire procedure for the assessment is apparently valid, but the parol evidence shows that the purpose of the assessment was unlawful, viz., to defray expenses for which an assessment was not authorized. A court of equity will, under such circumstances, intervene. (Pom. Eq. Juris. § 1399; *Williams* v. *Ayrault*, 31 Barb. 364; *Wood* v. *Seely*, 32 N. Y. 105; *Dows* v. *City of Chicago*, 11 Wall. 110; *Frost* v. *Speltey*, 121 U. S. 556; *Hatch* v. *City of Buffalo*, 38 N. Y. 276; *Sanders* v. *Yonkers*, 63 id. 489; *Heywood* v. *City of Buffalo*, 14 id. 541; *Schroeder* v. *Gurney*, 73 id. 430.) Section 3 of the statute under which the defendant was organized says that membership shall be determined in three ways and only three, to wit, death, voluntary withdrawal or expul-

sion. This is not one of these three ways. A by-law providing for the expulsion of members for a cause or in a manner different from that authorized by statute is illegal. (Cook on Stocks & Stockholders [2d ed.], § 700.) The plaintiffs were not obliged to wait until December 28, 1891, and then state their case to the board of trustees and await its action, before bringing this equity suit. (*Loubat* v. *Leroy*, 17 Abb. [N. C.] 513.)

*William C. Reddy* for respondent. The appellants' title to their lots is a conditional one. (Laws of 1875, chap. 267, § 3; Laws of 1888, chap. 536.) As members of the respondent club, appellants are voluntarily subject to the by-laws, rules and regulations of the club, unless the same be inconsistent with the Constitution and laws of the land. (Laws of 1875, chap. 267, § 2.) Respondent's by-laws are not *ultra vires* or inconsistent with the laws of the state. (Laws of 1875, chap. 267; *Cudder* v. *Estwick*, 6 Mod. 124; *Ex parte Wilcocks*, 7 Cow. 402; Angell & Ames on Corp. § 117; 1 Burr. 233.) But, irrespective of the validity of the by-laws, etc., appellants are not entitled here to the intervention of equity. (*Thomas* v. *M. M. P. Union*, 121 N. Y. 46.)

Finch, J. The plaintiff and others situated like him joined a club incorporated under the Laws of 1875, (Chap. 267), and the amendments thereof. It had become the owner of about forty acres of land for its corporate purposes, and had sold and conveyed to the plaintiff a single lot or parcel for the purpose of the erection by him of a dwelling house thereon. By the purchase he became a member of the club, and subject to its rules and regulations, and this liability appeared upon the face of his deed and limited and modified the title transferred. The lot could only be used for the construction and occupation of a dwelling house, and was inalienable except to the club or those accepted as its members; and the grantee covenanted by his deed to hold the land subject to assessments by the managers of the association to meet any deficiencies arising

from the maintenance of its public grounds, club house and other property, and to submit to a forfeiture of his estate if he should fail to pay as prescribed. The by-laws of, the association contained all these provisions, and dictated in detail the mode of procedure. An assessment was made in accordance with their terms, and the plaintiff, neglecting and refusing to pay, was served with a formal notice that his title and membership would be forfeited unless, at a specified date, he appeared before the board of managers and showed cause to the contrary. Instead of so appearing he brought this suit in equity, asking as relief that the action of the board be rescinded, and it be enjoined from forfeiting the plaintiff's title and membership. The complaint was dismissed and the judgment affirmed by the General Term.

That affirmance went upon the ground that no equitable cause of action was established. There was no cloud upon the title if the plaintiff's view of the by-laws was correct. His theory was and is that, by their terms, no assessment could be made for permanent improvements, but only for current expenses. The assessment showed on its face that it was made in part at least for permanent improvements, and so was unauthorized by the by-laws if plaintiff's construction is the true one. The case is not one of an assessment by a public authority, which is presumably valid, but of a claimed contract right, which has no force except under the contract, and which, if invalid at all, was so upon the very face of the claim. The facts which the association would be compelled to prove, in order to enforce at law the assessment or forfeiture, would themselves show the invalidity of their claim if the plaintiff's construction of the by-laws be correct.

But that construction is not correct. It is apparent from the by-laws, the circular disclosing the aims and objects of the association, and the very terms of plaintiff's deed, that the expenditures of which complaint is made were fairly within the scope of those current expenses and that maintenance to which the by-laws and the deed referred. By his deed the plaintiff became a member of the association and as such

gained the right to "the use of the club house, public grounds, water front, beaches, yachts, fishing privileges, etc." He knew, therefore, that they did exist or were to exist, and were to be paid for out of the revenues of the association, any deficiency in which was to be met by an assessment within certain fixed limits. The appellants' construction is purely and severely technical, and disregards utterly the manifest purport and meaning of the contract. By chapter fifth of the by-laws two funds were constituted: one the land and improvement fund to be "applied exclusively to the purchase, improvement and maintenance of the grounds and other property of the association;" and the other, into which all membership fees, annual dues and assessments were to be paid, called the current expense fund. This was to be appropriated "in the first instance," that is, primarily, to such current expenses, including taxes, but any surplus at the end of a year might be "turned into the land and improvement fund," so that assessments creating a surplus beyond current expenses could, at the option of the managers, go to permanent improvements and the purchase of needed "property." By section 2 of chapter six provision was made for assessments to pay taxes; and then follows a broad general provision that "the board of managers may also, from time to time, make assessments for other purposes  *  *  *  as they shall deem necessary." There is here no limitation of the power within the scope of the corporate purposes, except as to amount, and they may be carried to permanent improvements when not needed for current expenses. The by-laws and the deed read together and properly construed leave no reasonable doubt of the validity of the assessment.

It may be added that we approve also of the ground taken by the General Term founded upon *Thomas* v. *M. M. P. Union* (121 N. Y. 50), and beyond their argument in that direction no further discussion is necessary.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.